UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **RAMONA PHILLIPS**<br><br>**Plaintiff,**<br><br>V.<br><br>**C-HCA, INC. a/k/a HCA BRANDON HOSPITAL; ALLIED UNIVERSAL CORP.; HHS ENVIRONMENTAL SERVICES, LLC AND UNKNOWN AKA (MIKE),**<br><br>**Defendant,** | **CASE NO.:**<br><br>**JURY TRAIL: YES** |

## COMPLAINT

**COMES NOW,** the Plaintiff, Ramona Phillips (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendants C-HCA, INC. a/k/a HCA BRANDON HOSPITAL (hereinafter "Hospital"), ALLIED UNIVERSAL CORP (hereinafter "Offender's Employer"), HHS Environmental Services, LLC (Employer), and UNKNOWN AKA MIKE (hereinafter "Mike" or "Individual Defendant"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action for damages brought by Plaintiff against Defendants for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Florida Civil Rights Act,

Florida Statutes § 760.01 et seq. ("FCRA"), and the Hillsborough County Human Rights Ordinance.

2. Plaintiff seeks monetary damages, including compensatory damages, lost wages, emotional distress damages, punitive damages, attorneys' fees, costs, and all other relief available under applicable law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 42 U.S.C. §§ 1988. This court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over supplemental state law claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff is an individual citizen and resident of Hillsborough County, Florida and is within the jurisdiction of this honorable Court.

5. Defendants are for profit businesses engaged in business in Hillsborough, Florida and are within the jurisdiction of this Court.

6. All conditions precedent to the institution of this action have been fulfilled. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), bearing Charge No. 511-2025-01316. Plaintiff has either received a Notice of Right to Sue from the EEOC or more than 180 days have passed since the filing of the Charge, thereby entitling Plaintiff to institute this action.

## PARTIES

7. Plaintiff is an individual and a resident of Hillsborough County, Florida.

8. Defendant HCA BRANDON HOSPITAL is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 119 Oakfield Dr, Brandon, FL 33511.

9. Defendant ALLIED UNIVERSAL CORP. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 3901 NW 115th Avenue, Miami, Florida 33178.

10. Defendant HHS ENVIRONMENTAL SERVICES, LLC is a Limited Liability Company organized and existing under the laws of the State of Texas, with its principal place of business located at 12495 Silver Creek Road, Dripping Springs, Texas 78620.

11. Upon information and belief, Defendant Employer, and Defendant Offender's Employer, and Defendant Hospital employs more than fifteen (15) employees and is an "employer" within the meaning of Title VII, the FCRA, and the Hillsborough County Human Rights Ordinance.

12. Defendant Unknown aka (Mike) is an individual who, upon information and belief, resides in Hillsborough County, Florida, and was employed by Defendant Hospital as a security guard at all times relevant to this Complaint.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant Employer as a Sanitary Worker at all times relevant to this Complaint and worked on sight for Defendant Hospital.

14. During Plaintiff's employment with Defendant Employer and while on property owned and operated by Defendant Hospital, Plaintiff was subjected to severe sexual harassment by Defendant Mike, who was employed by Defendant Offender's Employer as a security guard for Defendant Hospital.

15. On or about May 23, 2024, Plaintiff was performing cleaning duties in a bathroom at the Hospital when Defendant Mike entered the bathroom.

16. Upon entering the bathroom, made threatening statements to Plaintiff, including asking if Plaintiff "knew who he was" and stating that "he wasn't playing ops."Defendant Mike proceeded to expose his penis to Plaintiff.

17. Defendant Mike then proceeded to expose his penis to Plaintiff.

18. Plaintiff felt threatened, intimidated, and fearful for Plaintiff's safety during this encounter.

19. Plaintiff fled the bathroom as soon as possible to escape the threatening and harassing situation.

20. Immediately following the incident, Plaintiff reported the sexual harassment to Plaintiff's supervisor at the Hospital.

21. Despite the severity of the incident and Plaintiff's immediate report, Plaintiff's supervisor dismissed the complaint and directed Plaintiff to return to work.

22. Defendant Hospital failed to take any prompt remedial action in response to Plaintiff's complaint of sexual harassment.

23. Plaintiff subsequently reported the incident to the Hillsborough County Sheriff's Office.

24. Plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. 511-2025-01316.

25. As a direct and proximate result of the sexual harassment and Defendant Employer's failure to take appropriate remedial action, Plaintiff has suffered lost wages and benefits due to missing work or leaving employment.

26. Plaintiff has also suffered severe emotional distress as a result of the sexual harassment, which has been documented in medical records and/or therapy documentation.

27. The sexual harassment experienced by Plaintiff was sufficiently severe to alter the terms and conditions of Plaintiff's employment and to create a hostile work environment.

28. Coworkers witnessed both the harassment and/or Plaintiff's reports of harassment to supervisors.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII
(Against Defendant Employer)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. This is an action against Defendant Employer for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

31. At all times material hereto, Plaintiff was an employee of Defendant Employer within the meaning of Title VII.

32. At all times material hereto, Defendant Employer was an employer within the meaning of Title VII, employing fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

33. The conduct alleged above constitutes sexual harassment and created a hostile work environment in violation of Title VII.

34. The harassment was based on Plaintiff's sex and was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and to create a discriminatorily abusive working environment.

35. Defendant Employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action.

**WHEREFORE,** Plaintiff demands judgment against Defendant Employer for:

a. Back pay and benefits;

b. Compensatory damages for emotional distress, mental anguish, and loss of dignity;

c. Punitive damages;

d. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k);

e. Prejudgment and post-judgment interest; and

f. Such other relief as this Court deems just and proper.

## COUNT II
## SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

(Against Defendant Employer)

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

37. This is an action against Defendant Employer for sexual harassment in violation of the Florida Civil Rights Act, Florida Statutes § 760.01 et seq.

38. At all times material hereto, Plaintiff was an employee of Defendant Employer within the meaning of the FCRA.

39. At all times material hereto, Defendant Employer was an employer within the meaning of the FCRA, employing fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

40. The conduct alleged above constitutes sexual harassment and created a hostile work environment in violation of the FCRA.

41. The harassment was based on Plaintiff's sex and was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and to create a discriminatorily abusive working environment.

42. Defendant Employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action.

**WHEREFORE,** Plaintiff demands judgment against Defendant Employer and Defendant Hospital for:

a. Back pay and benefits;

b. Compensatory damages for emotional distress, mental anguish, and loss of dignity;

c. Punitive damages;

d. Reasonable attorneys' fees and costs pursuant to Florida Statutes § 760.11(5);

e. Prejudgment and post-judgment interest; and

f. Such other relief as this Court deems just and proper.

## COUNT III
## SEXUAL HARASSMENT IN VIOLATION OF
## HILLSBOROUGH COUNTY HUMAN RIGHTS ORDINANCE
(Against Defendant Employer)

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

44. This is an action against Defendant Employer for sexual harassment in violation of the Hillsborough County Human Rights Ordinance.

45. At all times material hereto, Plaintiff was an employee of Defendant Employer within the meaning of the Hillsborough County Human Rights Ordinance.

46. At all times material hereto, Defendant Employer was an employer within the meaning of the Hillsborough County Human Rights Ordinance, employing five (5) or more employees within Hillsborough County.

47. The conduct alleged above constitutes sexual harassment and created a hostile work environment in violation of the Hillsborough County Human Rights Ordinance.

48. The harassment was based on Plaintiff's sex and was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and to create a discriminatorily abusive working environment.

49. Defendant Employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action.

**WHEREFORE,** Plaintiff demands judgment against Defendant Employer and Defendant Hospital for:

a. Back pay and benefits;

b. Compensatory damages for emotional distress, mental anguish, and loss of dignity;

c. Punitive damages;

d. Reasonable attorneys' fees and costs;

e. Prejudgment and post-judgment interest; and

f. Such other relief as this Court deems just and proper.

### COUNT IV
### ASSAULT
(Against Defendant Mike)

50. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

51. This is an action against Defendant Mike for assault under Florida common law.

52. On or about May 23, 2024, Defendant Mike intentionally and unlawfully threatened Plaintiff, by word or act, with violence, creating in Plaintiff a well-founded fear that such violence was imminent.

53. Specifically, Defendant Mike entered the bathroom where Plaintiff was working, exposed his penis to Plaintiff, asked Plaintiff if Plaintiff "knew who he was," and stated that "he wasn't playing ops."

54. These actions by Defendant Mike created in Plaintiff a reasonable fear of imminent harm.

55. As a direct and proximate result of Defendant Mike's assault, Plaintiff has suffered damages including, but not limited to, emotional distress, mental anguish, loss of dignity, and other intangible injuries.

**WHEREFORE,** Plaintiff demands judgment against Defendant Mike for:

a. Compensatory damages for emotional distress, mental anguish, and loss of dignity;

b. Punitive damages;

c. Prejudgment and post-judgment interest; and

d. Such other relief as this Court deems just and proper.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendant Mike)

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

57. This is an action against Defendant Mike for intentional infliction of emotional distress under Florida common law.

58. Defendant Mike's conduct as described above was intentional or reckless.

59. Defendant Mike's conduct was extreme and outrageous, exceeding all bounds of decency and utterly intolerable in a civilized community.

60. Defendant Mike's conduct caused Plaintiff severe emotional distress.

61. As a direct and proximate result of Defendant Mike's extreme and outrageous conduct, Plaintiff has suffered damages including, but not limited to, emotional distress, mental anguish, loss of dignity, and other intangible injuries.

**WHEREFORE**, Plaintiff demands judgment against Defendant Mike for:

a. Compensatory damages for emotional distress, mental anguish, and loss of dignity;

b. Punitive damages;

c. Prejudgment and post-judgment interest; and

d. Such other relief as this Court deems just and proper.

## COUNT VI
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION
(Against Defendant Offender's Employer)

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

63. This is an action against Defendant Offender's Employer for negligent hiring, retention, and supervision under Florida common law.

64. Defendant Employer owed Plaintiff a duty to exercise reasonable care in the hiring, retention, and supervision of its employees, including Defendant Mike.

65. Defendant Employer breached this duty by:

a. Failing to conduct adequate pre-employment screening of Defendant Mike;

b. Failing to adequately supervise Defendant Mike;

c. Failing to provide adequate training to Defendant Mike regarding appropriate workplace conduct;

d. Failing to take appropriate disciplinary action against Defendant Mike after receiving notice of his inappropriate conduct; and

e. Failing to implement and enforce adequate policies and procedures to prevent sexual harassment in the workplace.

66. Defendant Employer knew or should have known that Defendant Mike was unfit for his position and posed an unreasonable risk of harm to others, including Plaintiff.

67. As a direct and proximate result of Defendant Employer negligence, Plaintiff has suffered damages including, but not limited to, lost wages and benefits, emotional distress, mental anguish, loss of dignity, and other intangible injuries.

**WHEREFORE,** Plaintiff demands judgment against Defendant Employer for:

a. Compensatory damages for lost wages and benefits, emotional distress, mental anguish, and loss of dignity;

b. Punitive damages;

c. Prejudgment and post-judgment interest; and

d. Such other relief as this Court deems just and proper.

## COUNT VII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against Defendant Offender's Employer)

68. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

69. This is an action against Defendant Employer for negligent infliction of emotional distress under Florida common law.

70. Defendant Offender's Employer owed Plaintiff a duty to provide a safe work environment free from sexual harassment and to take prompt remedial action when incidents of sexual harassment were reported.

71. Defendant Offender's Employer breached this duty by failing to take appropriate action in response to Plaintiff's report of sexual harassment by Defendant Mike.

72. Specifically, when Plaintiff reported the sexual harassment to Plaintiff's supervisor, the supervisor dismissed the complaint and directed Plaintiff to return to work, thereby exacerbating Plaintiff's emotional distress.

73. Defendant Offender's Employer breach of duty caused Plaintiff to suffer emotional distress.

74. Plaintiff's emotional distress was manifested by physical symptoms and has been documented in medical records and/or therapy documentation.

75. As a direct and proximate result of Defendant Offender's Employer negligence, Plaintiff has suffered damages including, but not limited to, emotional distress, mental anguish, loss of dignity, and other intangible injuries.

**WHEREFORE,** Plaintiff demands judgment against Defendant Employer for:

a. Compensatory damages for emotional distress, mental anguish, and loss of dignity;

b. Prejudgment and post-judgment interest; and

c. Such other relief as this Court deems just and proper.

## COUNT VIII PREMISE LIABILITY

(Against Defendant Hospital)

76. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

77. This is an action against Defendant Hospital for premise liability under Florida common law.

78. Defendant Hospital had a duty to protect the Plaintiff, as the Plaintiff was an invitee on the property.

79. Defendant Hospital failed to protect the Plaintiff by not preventing Defendant Mike, from attacking Plaintiff, while she was on the Defendant Hospital's property.

80. As a direct and proximate result of Defendant Hospital failure to protect the Plaintiff, Plaintiff has suffered damages including, but not limited to, lost wages and benefits, emotional distress, mental anguish, loss of dignity, and other intangible injuries.

**WHEREFORE,** Plaintiff demands judgment against Defendant Employer and Defendant Hospital for:

a. Compensatory damages for lost wages and benefits, emotional distress, mental anguish, and loss of dignity;

b. Punitive damages;

c. Prejudgment and post-judgment interest; and

d. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: November 4, 2025

                              Respectfully Submitted,

                              By: /s/ Sean White
                              Sean White, Esq
                              FBN: 1044113
                              Panther Law, P.A.
                              4624 Gall Boulevard
                              Suite 10
                              Zephyrhills, Florida 33542
                              Phone: (813) 425-4373
                              Fax: (813) 425-4373
                              Email: seanw@pantherlawfl.com
                              *Attorney for Plaintiff*